SHIVERS, Judge.
Appellants, Richard L. Weddle, M.D. and Richard L. Weddle, M.D. P.A., appeal the trial court’s order denying their motion for determination of judgment liability. We affirm.
The record indicates that a complaint was filed by Daisy Swearingen in January 1987 against appellee Voorhis and appellant Weddle, alleging medical malpractice. The allegations of the complaint arose out of the death of the plaintiff’s husband during heart surgery in 1984, in which Voorhis had acted as primary cardiac surgeon and Weddle as assistant surgeon. On the second day of trial, Voorhis’ attorney announced in court that his client and plaintiff had reached a settlement agreement, whereby Voorhis had guaranteed plaintiff a minimum of $100,000 in return for plaintiff’s guarantee that Voorhis would not be responsible for more than $300,000 should a verdict against the two doctors exceed that amount. Plaintiff was also allowed under the settlement agreement to seek up *495 to $300,000 from Voorhis, but was first required to seek any amount the jury awarded over $100,000 from Weddle or his insurance company. The record indicates that Weddle was given ample opportunity to participate in the settlement agreement, but that he declined to do so. The jury returned a verdict in favor of plaintiff against both doctors in the amount of $395,500, and final judgment was entered in that amount. Supplemental final judgments for costs were entered several months later, in the amounts of $18,345.24 and $3,825.
Subsequently, Weddle filed a motion to stay execution pending a determination of the total amount owed by him, along with a motion for determination of judgment liability and motion for set-off, requesting the trial court to determine the amount of his judgment liability, order him responsible only for his pro rata share of the judgment entered, pursuant to section 768.31, Florida Statutes (1989), and to credit him with the amount already paid by Voorhis, if any. The motion for set-off was granted, and the final judgment was amended to $295,-500, to reflect $100,000 already paid by Voorhis. The motion for determination of judgment liability, however, was denied, the court finding that Voorhis had been “discharged under section 768.31(5) by a covenant not to enforce judgment given by the plaintiff under a ‘high/low’ agreement.” In October of 1990, Weddle satisfied both of the supplemental final judgments for costs, in full, and satisfied the amended final judgment in the amount of $295,500. He now appeals the trial court’s order denying his motion for determination of judgment liability.
Section 768.31(5) of the Uniform Contribution Among Tortfeasors Act provides as follows:
RELEASE OR COVENANT NOT TO SUE. — When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:
(a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and,
(b) It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.
There is no question that the agreement between Voorhis and plaintiff constituted a covenant not to enforce judgment. Further, Weddle admitted at trial that the agreement was made in good faith, stating “I’m not challenging counsel, as I might the court, that (a) you paid it in good faith, and (b) it was open and above board.” Under the plain language of the statute, therefore, the agreement between plaintiff and Voorhis discharged Voorhis from all liability for contribution to Weddle.
We admit that the “high/low” nature of the agreement between plaintiff and Voorhis places the parties in a different posture than they would be in had the plaintiff simply covenanted not to enforce judgment above $100,000 or above $300,000. By appellee’s own admission, the agreement between himself and plaintiff constituted an “unconditional” commitment to pay plaintiff $100,000, and a “conditional” commitment to pay $300,000 only if plaintiff were not able to collect any judgment between $100,000 and $300,000 from Weddle. Due to the “high/low” nature of the agreement, Voorhis will be required to pay only $100,-000 to plaintiff because plaintiff was able to collect the remainder of the judgment from Weddle. As a result, even though the agreement may be construed as a conditional covenant not to enforce judgment above $300,000, the amount of the claim against Weddle will be reduced only by $100,000, leaving Weddle responsible for the balance above $100,000, without the right to seek contribution from Voorhis. Nevertheless, we find the trial court’s order to be proper, even though our affirmance might result in Weddle paying more than his pro rata share of the total judgment. See Sobik’s Sandwich Shops, Inc. v. Davis, 371 So.2d 709 (Fla. 4th DCA *496 1979), in which the court noted in a discussion of the history of contribution in Florida, that:
it appears that the legislature intended that among themselves tortfeasors be responsible for damages in direct proportion to their percentage of fault in causing the accident. Notwithstanding this underlying principle, settlements are also encouraged that might ultimately result in one tortfeasor paying less than his share if the settlement is made in “good faith.” Hence, the legislature has provided a means for the sharing of responsibility primarily based upon fault, while still encouraging voluntary settlements.
371 So.2d at 710-711 (e.s.).
AFFIRMED.
WOLF, J., and CAWTHON, Senior Judge, concur.